UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**PEGGY MALONEY,**
Plaintiff,

v.

**EXECUTIVE OFFICE OF THE PRESIDENT,
OFFICE OF ADMINISTRATION,
DEPARTMENT OF JUSTICE (FBI),
DEPARTMENT OF LABOR,
OFFICE OF SPECIAL COUNSEL,
OFFICE OF PERSONNEL MANAGEMENT,**
Defendants.

Civil Action No. _____
**(FILED WITH REDACTED CONTACT INFORMATION PURSUANT TO MINUTE ORDER DATED
FEBRUARY 25, 2026, IN CASE NO. 25-CV-4257 (CRC))**

**COMPLAINT FOR JUDICIAL REVIEW OF MSPB FINAL DECISIONS (MIXED
CASE)**

## I. NATURE OF THE ACTION

1. This is a mixed-case civil action seeking judicial review of final decisions of the Merit Systems Protection Board ("MSPB") issued on March 30, 2026 and April 1, 2026, pursuant to 5 U.S.C. § 7703(b)(2). See Perry v. MSPB, 582 U.S. 420 (2017); Kloeckner v. Solis, 568 U.S. 41 (2012).

2. These decisions arise from the same employment relationship, agency actions, whistleblower disclosures, and disability-related issues already before this Court in the related action, Maloney v. Executive Office of the President, et al., Civil Action No. 25-4257 (CRC).

3. Plaintiff challenges these MSPB decisions as unlawful, including but not limited to actions that were arbitrary and capricious, obtained without required procedures, unsupported by substantial evidence, and contrary to law under 5 U.S.C. § 7703(c).

## II. JURISDICTION, VENUE AND TIMELINESS

1


**RECEIVED**
APR 2 8 2026
Clerk, U.S. District & Bankruptcy

4. This Court has jurisdiction under 5 U.S.C. § 7703(b)(2) (mixed-case judicial review) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendants are federal agencies and officials located in the District of Columbia.

6. This action is timely filed within 30 days of receipt of the MSPB's final decisions. The five decisions issued March 30, 2026 carry a 30-day deadline of April 29, 2026. The two decisions issued April 1, 2026 carry a 30-day deadline of May 1, 2026. This Complaint is timely filed within the applicable deadlines for all seven MSPB final decisions.

7. Plaintiff's full residential address and telephone number are provided to the Court and Defendants under seal pursuant to the Minute Order dated February 25, 2026, in the related action Maloney v. Executive Office of the President, et al., Civil Action No. 25-cv-4257 (CRC). This sealed contact information protects Plaintiff's safety as a federal whistleblower who has faced sustained retaliation. Plaintiff's email address is pegkayaker@gmail.com. A full residential address and telephone number appear on the original signed copy of this Complaint submitted to the Clerk.

**III. PARTIES**

8. Plaintiff Peggy Maloney is a former GS-11 Financial Operations Analyst at the Executive Office of the President, Office of Administration, who served from July 2012 until her unlawful removal on October 4, 2019. Plaintiff proceeds pro se.

9. Defendant Executive Office of the President, Office of Administration ("EOP/OA"), located at 250 Murray Lane SW, Bldg. 410, Washington, DC 20509, was Plaintiff's employing agency and is the primary defendant in the MSPB proceedings at issue.

10. Defendant Department of Justice (FBI) was a party to MSPB proceeding DC-1221-25-0152-W-1 and is named in its official capacity.

11. Defendant Department of Labor was a party to MSPB proceeding DC-1221-25-0147-W-1 and is named in its official capacity.

12. Defendant Office of Special Counsel was a party to MSPB proceeding DC-1221-25-0153-W-1 and is named in its official capacity.

13. Defendant Office of Personnel Management, located at 1900 E Street NW, Washington, DC 20415, was a party to MSPB proceeding DC-1221-25-0154-W-1, maintained Plaintiff's employment records, and failed to enforce MSPB orders. OPM is named in its official capacity.

## IV. MSPB FINAL DECISIONS AT ISSUE

14. Plaintiff seeks judicial review of the following MSPB final decisions, each of which became final due to MSPB lack of quorum and closure of petitions for review:

- AT-1221-25-0349-W-1 (EOP/OA) — Tab 15, issued March 30, 2026 — deadline April 29, 2026

- DC-1221-25-0152-W-1 (DOJ-FBI) — Tab 19, issued March 30, 2026 — deadline April 29, 2026

- DC-1221-25-0147-W-1 (DOL) — Tab 23, issued March 30, 2026 — deadline April 29, 2026

- DC-1221-25-0153-W-1 (OSC) — Tab 24, issued March 30, 2026 — deadline April 29, 2026

- DC-1221-25-0154-W-1 (OPM) — Tab 31, issued March 30, 2026 — deadline April 29, 2026

- DC-0752-20-0092-I-3 (EOP/OA) — Tab 40, issued April 1, 2026 — deadline May 1, 2026

- DC-1221-19-0677-B-1 (EOP/OA) — Tab 40, issued April 1, 2026 — deadline May 1, 2026

## V. FACTUAL BACKGROUND

15. Plaintiff served as a GS-11 Financial Operations Analyst at EOP/OA from July 2012 until her unlawful removal on October 4, 2019. Beginning in 2014, Plaintiff uncovered and reported over $10 million in financial mismanagement, including CFC violations, FMS Leasing irregularities involving improper property tax billing on federally managed properties, credit card misuse, and

gross waste of federal funds. These disclosures were made internally and to the Office of Special Counsel and are protected under 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9).

16. EOP/OA's retaliation was swift and escalating: weeks after Plaintiff's June 2016 OSC report, EOP/OA denied her July 2016 within-grade increase (WIGI); imposed a 13-day suspension in July 2017; imposed a 14-day suspension in April 2019; and removed Plaintiff on October 4, 2019 under the pretext of "unprofessional conduct" directly linked to her protected disclosures. See Burlington Northern v. White, 548 U.S. 53 (2006).

17. The retaliatory nature of Plaintiff's termination is corroborated by her treating physician, David L. Charney, M.D., who documented on July 8, 2019 — 88 days before her termination — that her symptoms were "primarily work-related" and resulted from being "punished administratively" for bringing attention to "substantial financial losses to the United States Government." (Civil Action No. 25-4257-CRC, ECF No. 1, Exhibit O, p. 6.)

18. Plaintiff suffers from documented disabilities including proptosis (bilateral eye protrusion), Graves' disease, and PTSD, which cause constant 24/7 eye pain, forced monocular vision, and debilitating migraines. EOP/OA denied Plaintiff's 2017 written request for reasonable accommodations, exacerbating her condition and constituting an independent violation of the Rehabilitation Act, 29 U.S.C. § 794.

19. The MSPB proceedings were tainted by harmful procedural errors, including failure to properly review and weigh evidence of whistleblower reprisal and disability discrimination, issuance of unsigned orders, omission of required OSC addenda, defective Certificates of Service, and failure to provide a fair and impartial adjudication.

20. A complete factual record is set forth in Plaintiff's First Amended Complaint and supporting filings in the related action, Civil Action No. 25-4257 (CRC), which are incorporated herein by reference.

## VI. CLAIMS FOR RELIEF

### Count 1 — Whistleblower Retaliation (5 U.S.C. § 2302(b)(8)/(9))

21. EOP/OA violated 5 U.S.C. §§ 2302(b)(8) and (9) by retaliating against Plaintiff with WIGI denials, suspensions, and removal following her protected disclosures of financial mismanagement and OSC cooperation. The MSPB decisions failed to properly evaluate this evidence and must be set aside under 5 U.S.C. § 7703(c).

### Count 2 — Disability Discrimination (Rehabilitation Act, 29 U.S.C. § 794)

22. EOP/OA violated the Rehabilitation Act by denying Plaintiff's 2017 reasonable accommodation requests and taking adverse actions against a disabled employee. The MSPB decisions failed to address these claims and must be set aside.

### Count 3 — Arbitrary and Capricious MSPB Decisions (5 U.S.C. § 7703(c))

23. The MSPB decisions at issue are arbitrary, capricious, procedurally defective, and unsupported by substantial evidence, including failure to consider whistleblower reprisal evidence, unsigned orders, omitted OSC addenda, and defective service. This Court must set them aside and grant de novo review of all discrimination claims.

## VII. RELATED CASE

24. This case is directly related to Maloney v. Executive Office of the President, et al., Civil Action No. 25-4257 (CRC), currently pending before the Honorable Christopher R. Cooper.The cases involve common issues of fact arising from the same employment relationship, the same protected

whistleblower activity, the same disability discrimination allegations, and the same pattern of agency retaliation, satisfying the criteria of LCvR 40.5(a)(3).

25. The cases also grow out of the same event or transaction satisfying the criteria of LCvR 40.5(a)(4).

26. A Notice of Related Case is being filed concurrently in both this action and in Civil Action No. 25-4257 (CRC).

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

- Review and set aside the seven MSPB final decisions listed in Section IV;

- Vacate the MSPB final decisions listed in Section IV and remand for further proceedings consistent with law; or, in the alternative, grant de novo relief in this Court without remand to the MSPB, because repeated procedural violations and the MSPB's lack of quorum render any further administrative proceedings futile. See Kloeckner v. Solis, 568 U.S. 41 (2012); 5 U.S.C. § 7703(c).

- Order reinstatement to a GS-14 position with full retro back pay, including within-grade increases denied from 2016 to 2019, plus interest; or, in the alternative, front pay in lieu of reinstatement;

- Award compensatory damages in an amount to be determined at trial, believed to exceed $50,000,000, based on lost wages and benefits from October 4, 2019 to present, medical costs related to proptosis, Graves' disease, and PTSD, pain and suffering including 24/7 eye pain and facial disfigurement, emotional distress from sustained retaliation spanning more than six years, and financial ruin resulting from unlawful removal;

- Direct OPM to update Plaintiff's records to reflect reinstatement and correct WIGI eligibility;

- Consolidate this action with Civil Action No. 25-4257 (CRC) before Judge Cooper;

- Award costs and such other equitable relief as the Court deems just and proper.

6

## IX. REQUEST FOR LEAVE TO FILE EXHIBITS WITHIN FOURTEEN DAYS

The MSPB final decisions at issue were previously placed on the docket in the related action, Civil Action No. 25-4257 (CRC), as Exhibits A through H to ECF No. 124 (filed April 1, 2026) via a Notice of MSPB Final Decisions and Mixed-Case Jurisdiction. That Notice alone does not formally satisfy the jurisdictional requirements of 5 U.S.C. § 7703(b)(2). This Complaint is filed to cure that deficiency. Plaintiff respectfully requests leave to formally re-attach these decisions as exhibits within fourteen (14) days, due to her documented disabilities including proptosis, Graves' disease, and PTSD which cause constant 24/7 eye pain and limit her ability to prepare extensive filings. The decisions are already available to the Court and all parties via ECF No. 124 in Civil Action No. 25-4257 (CRC).

**NOTE:** Pursuant to the Court's procedures for *pro se* litigants, this Complaint is being filed in hard copy with an original wet-ink signature. Plaintiff concurrently submits a Motion for Leave to File Electronically (CM/ECF) to govern all subsequent filings in this matter, noting that Plaintiff has already been granted such privileges in the related action, Case No. 25-cv-4257 (CRC).

## X. JURY DEMAND

Plaintiff demands a jury trial on all claims for which a jury trial is permitted by law.

Dated: April 25, 2026

Respectfully submitted,

/s/ **Peggy Maloney** (original wet-ink signature on filed copy)
Peggy Maloney, Plaintiff, Pro Se
*[Full residential address and telephone number provided under seal per Minute Order of February 25, 2026, in No. 25-cv-4257 (CRC)]*
Email: pegkayaker@gmail.com