**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PEGGY MALONEY**,<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA FISHER**, Director, Office of Administration, Executive Office of the President<br><br>Defendant. | Case No. 26-cv-1446 (CRC) |

**MEMORANDUM OPINION**

The rule against claim splitting prohibits litigants from maintaining "two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Zerilli v. Evening News Ass'n, 628 F.2d 217, 222 (D.C. Cir. 1980) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). Plaintiff violated that rule by filing this duplicative suit. So the Court will grant Defendant's motion to dismiss.

## I. Background

Before the Court are two suits filed by *pro se* Plaintiff Peggy Maloney—both of which relate to her former employment with the Executive Office of the President, Office of Administration ("EOP/OA"). The first is Maloney v. Executive Office of the President ("Maloney I"), No. 25-cv-4257, which was brought against several defendants, including Joshua Fisher, Director of EOP/OA. That suit includes claims for disability discrimination, sex discrimination, whistleblower retaliation, judicial review of various Merit Systems Protection Board ("MSPB") decisions, and harmful procedural error in numerous MSPB proceedings. See Maloney I, First Amended Complaint ("FAC") at 6–8, ECF No. 100-1. As for redress, the FAC requests, among other things, vacatur of the MSPB's final decisions in cases DC-0752-20-0092-

I-3 ("MSPB Case 1") and DC-1221-19-0677-B-1 ("MSPB Case 2"), and other non-specified "MSPB decisions" dealing with Plaintiff's whistleblower-retaliation actions. Id. at 7–9, 11.

On April 1, Plaintiff informed the Court that the MSPB had recently issued final decisions in several of her cases, including MSPB Case 1, MSPB Case 2, and AT-1221-25-0349-W-1 ("MSPB Case 3")—a whistleblower-retaliation action. See Maloney I, Notice of MSPB Final Decisions at 1–2, ECF No. 124.

A week later, Plaintiff brought another suit against Mr. Fisher in his official capacity, Maloney v. Joshua Fisher ("Maloney II"), No. 26-cv-1446. This later-filed action, according to Plaintiff, "arise[s] from the same employment relationship, the same protected whistleblower activity, the same disability discrimination and accommodation issues, and the same pattern of alleged agency retaliation." Maloney II, Notice of Related Case at 1, ECF No. 3. The complaint alleges the same causes of action raised in Maloney I and seeks review of the final decisions in MSPB Cases 1–3. See Maloney II, Third Amended Complaint ("TAC") at 6, 16–18, ECF No. 28.

Defendant now moves to dismiss this second-filed suit pursuant to the rule against claim splitting. See Mot. to Dismiss at 3.

## II. Legal Standards

A *pro se* complaint must be liberally construed and read alongside the plaintiff's other filings. Naz v. Wright, 177 F.4th 1242, 1246 (D.C. Cir. 2026). Nonetheless, to survive a motion to dismiss, "[a] *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." Henthorn v. Dep't of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994) (en banc).

The rule against claim splitting "bars duplicative litigation arising from a common nucleus of operative fact." Steele v. United States, 144 F.4th 316, 326 (D.C. Cir. 2025). A

plaintiff impermissibly splits her claim when she "seeks 'to maintain two actions on the same subject in the same court, against the same defendant at the same time.'" Clayton v. District of Columbia, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). "[C]laim-splitting is a proper basis for dismissal." Steele, 144 F.4th at 325.

## III. Analysis

"The rule against claim-splitting safeguards vital institutional values. It aims to conserve judicial resources," prevent "piecemeal litigation," and "shield parties from vexatious concurrent or duplicative litigation." Steele, 144 F.4th at 325 (cleaned up). A later-filed lawsuit is barred by the prohibition on claim splitting if there is a prior suit "(1) involving the same claims or cause of action, (2) between the same parties or their privies . . . , (3) before a court of competent jurisdiction." Id. (cleaned up). Maloney I checks all three boxes, so Maloney II cannot proceed as a separate action. See Mot. to Dismiss at 3–4.

The second and third elements are not in dispute. In both cases, Plaintiff sues Joshua Fisher, Director of EOP/OA, in his official capacity. See Maloney I, FAC at 1, 15; Maloney II, TAC at 1; see, e.g., Inza v. Apple Inc., No. 25-cv-1970 (RDM), 2026 WL 2869717, at *11–12 (D.D.C. Sept. 23, 2026) (granting motion to dismiss on claim-splitting grounds for defendants present in both suits, even though the suits did not have identical parties); Doe v. Univ. of Md. Med. Sys. Corp., No. 23-cv-3318 (JRR), 2024 WL 4236671, at *7–8 (D. Md. Sept. 18, 2024) (same), aff'd, 2025 WL 3553026 (4th Cir. Dec. 11, 2025). And "both suits were brought before the same court." Steele, 144 F.4th at 326.

The first element is likewise satisfied. Suits involve the same claims or cause of action when they arise from a common nucleus of facts. Id. at 324. Relevant considerations include: "whether the facts are related in time, space, origin, or motivation, whether they form a

convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. at 325 (citation omitted). The two cases at issue here, in Plaintiff's own words, "involve common questions of fact and law and grow out of the same series of events—Plaintiff's federal employment, her protected disclosures regarding financial mismanagement and waste, the resulting adverse personnel actions (including termination), and the subsequent MSPB proceedings." Maloney II, Notice of Related Case at 1. Plus, both suits assert the same causes of action, including judicial review of various MSPB decisions. Compare Maloney II, TAC at 6, 16–18, with Maloney I, FAC at 6–11. Because the same parties are involved in both suits before this Court and the "two suits rest on the same operative facts and legal theories," the claim-splitting doctrine blocks the second suit. Steele, 144 F.4th at 326.

To be sure, the parties flag one "potentially meaningful difference between the two suits": the instant suit unmistakably seeks review of the decisions in MSPB Cases 1, 2, *and* 3, while Maloney I arguably does not seek review of MSPB Case 3. Mot. to Dismiss at 4; see also Maloney II, Pl.'s Surreply at 11, ECF No. 34 (acknowledging the substantial "overlap" between the two suits but questioning whether "every claim" is identical). But this purported difference is likely illusory and is not meaningful in any event.

To reiterate, *pro se* complaints must be liberally construed and read in tandem with other submissions. See Brown v Whole Foods Market Group, Inc., 789 F.3d 146, 151–52 (D.C. Cir. 2015) (per curiam). In this posture, Maloney I—although far from a model of clarity—appears to request judicial review of the final order in MSPB Case 3. See Maloney I, Civil Cover Sheet at 1–2 (identifying MSPB Case 3 as a "related case" and attaching dockets for MSPB Cases 1, 2, and 3), ECF No. 1-1; Maloney I, FAC at 1 (incorporating by reference all previous filings); id. at 9 (seeking "vacatur of MSPB decisions" related to whistleblowing); Maloney I, Notice of MSPB

Final Decisions at 1 (notifying the Court that the Board issued final orders in MSPB Cases 1, 2, and 3); Maloney I, Opp. at 6–7, ECF No. 135 (discussing MSPB Case 3, a whistleblower appeal); Maloney I, Pl.'s Surreply at 4–5, ECF No. 145 (disputing Defendants' motion-to-dismiss argument that Maloney I is "limited to a single MSPB docket" because the "FAC and its incorporated record document a pattern of retaliation spanning multiple MSPB dockets over multiple years").

But even if it does not, a later-filed suit need not be a dead ringer to be dismissed as duplicative—it need only arise "from the same nucleus of facts" as the earlier-filed suit. Steele, 144 F.4th at 325. That is why the rule against claim splitting bars suits asserting claims that were "actually" raised or "*could have been*" raised in a prior action. Id. (emphasis added); see Raskin v. Bausch & Lomb Inc., No. 24-cv-6442 (AMO), 2025 WL 1666145, at *4 (N.D. Cal. June 12, 2025) ("Parallel litigation of claims that could have been brought in the same lawsuit is exactly the conduct the doctrine of claim splitting is meant to prevent."). And as Plaintiff acknowledges, see Maloney II, Surreply at 13, she could have amended or supplemented her pleadings in Maloney I to include a claim for judicial review of the final order in MSPB Case 3, see Fed. R. Civ. P. 15(a), (d); Scahill v. District of Columbia, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (explaining that Federal Rule of Civil Procedure 15 places "broad discretion in the district court in order to avoid 'needlessly remit[ting] [plaintiffs] to the difficulties of commencing a new action'" when subsequent developments bear on a plaintiff's right to relief (quoting Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment)). Because all the claims in Maloney II have been or could have been brought in Maloney I, the Court will dismiss the complaint in Maloney II as duplicative. See, e.g., Inza, 2026 WL 2869717, at *11–12 (dismissing second-filed suit because the plaintiff "could . . . have brought its claims . . . in a single action").

* * *

When "an action is dismissed because of claim-splitting, the [plaintiff] can still assert [her] claim[s] through the remaining action against the same defendants regarding the same issues." Clayton, 36 F. Supp. 3d at 95. Given the uncertainty as to whether a claim for judicial review of the final decision in MSPB Case 3 is currently before the Court in Maloney I, Plaintiff will be afforded an opportunity to amend or supplement her complaint in that action to clarify that issue—and *only* that issue. See id. at 96 (explaining that amendment "is the proper vehicle for airing the additional claims, not the consolidation of duplicative lawsuits"). Plaintiff shall file any such motion to amend or supplement by November 18, 2026.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order shall accompany this memorandum opinion.



CHRISTOPHER R. COOPER
United States District Judge

Date: November 4, 2026